[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action against Kaseem Colebut and Volvo Car Finance, Inc. She was a passenger in a car that she leased from Volvo on July 5, 1994, for 60 months. On October 1, 1994, Colebut was operating the vehicle with the plaintiff's permission. He drove the car off the road at a high rate of speed. It hit a tree and exploded. The plaintiff was seriously injured.
She sued Colebut for negligence and Volvo for its liability under Connecticut General Statutes § 14-154a. Volvo filed a cross claim against Colebut for indemnification under common law and a counterclaim against the plaintiff for contractual indemnification under § 16, Indemnification of the lease.
 "Sec. 16. Indemnification. You agree to indemnify, defend and hold us harmless from all claims, liabilities, suits (including suits alleging strict liability), losses, damages and expenses (including attorney's fees and court costs) arising out of the condition, maintenance, use, ownership or operation of the Vehicle."
In view of this clause in the lease contract, Volvo has moved for summary judgment against the plaintiff on the counterclaim. It claims there is no genuine issue as to any material fact and it is, therefore, entitled to judgment as a matter of law.
The plaintiff argues that the indemnification agreement is in violation of Connecticut General Statutes § 14-154a and the agreement itself was procedurally unconscionable in that its terms were not understood, shown or agreed to by the plaintiff.
Both parties cite the case of Smith v. Mitsubishi MotorsCredit, 247 Conn. 342 (1998), to support their position. In that case, Christopher Moore, the lessee and driver of the leased CT Page 3758 vehicle, was negligent and caused injury to the two plaintiffs. They sued Mitsubishi and Moore. Both settled their claims against Mitsubishi which filed cross claims against Moore for indemnity, both on the basis of a clause in the lease and in common law indemnity. Mitsubishi moved for summary judgment on the claim regarding the indemnity clause in the lease. The trial court denied the motion, but the Supreme Court reversed holding that the statute, Connecticut General Statutes § 14-154a, addresses liability "for any damage to any person or property caused by the operation of such motor vehicle which so rented or leased to the same extent as the operator would have been liable if he had also been the owner." The Supreme Court held that §14-154a does not preclude, as a matter of public policy, the enforcement of an indemnity clause in an automobile lease in cases in which the lessee, as tortfeasor, has caused injuries for which the owner has paid damages. Id. pp. 348-349. The case does not answer the question whether the same rule would apply in the instant case where the lessee was the injured person and not the tortfeasor.
The plaintiff's next objection to the motion for summary judgment also tracks the Smith case. She claims that contract provisions that unfairly surprise one of the parties may be voided as procedurally unconscionable. In Smith, the court held that there are certain factual considerations that a court may take into consideration to determine whether a party has proved procedural unconscionability in a contract that the party has signed. Id., p. 351, n. 9.
Among factors the court lists which would support voiding the contract clause were:
(1) Whether the lessee was a consumer leasing the vehicle for consumer purposes; (2) whether she had an opportunity to read the two-page lease as a whole; (3) whether she had difficulty because of the size of the type and the location of the indemnity claim in the lease in reading the text of the clause that had not specifically been called to her attention; (4) whether she had no opportunity to bargain over the indemnity clause; and (5) whether she had prior experience with standard terms in automobile leases. Id. p. 351.
The plaintiff testified before the court in a hearing on March 12, 1999. The lease was also put into evidence. Based upon her testimony, the court finds that she was an unsophisticated CT Page 3759 consumer, not a person in business using the vehicle for business purposes. The court also finds that the lease was one piece of paper twice the length of the papers in the court's file, folded over and that the indemnity clause was on the reverse side of the document. Therefore, it was hard to locate unless it was pointed out to her. The indemnity clause was not called to her attention according to her testimony and that of David Freilich, vice president of Volvo, who also testified.
She never saw the indemnification clause, nor was she directed to read it.
This court therefore finds as a result of the evidentiary hearing on the issue of procedural unconscionability that the plaintiff was an unsophisticated consumer leasing the vehicle for consumer purposes. She was employed as a floor supervisor at Foxwoods Casino and did not use the vehicle for business purposes. She had no real opportunity to read the lease as a whole because nobody showed her the reverse side. Accordingly, she never realized there was a reverse side to the lease or an indemnification clause thereon.
The court also finds that under Smith, the lessor is entitled to indemnity from the lessee who is the tortfeasor and causes the injury. However, under the same rationale, the claim against the plaintiff, a non-negligent passenger, must fail. The Smith case listed certain factors to be considered in voiding a procedurally unconscionable contract. The court finds that the evidence presented at the hearing at least raises a genuine issue of material fact as to the voidability of the contract.
Accordingly, the motion for summary judgment is denied.
D. Michael Hurley Judge Trial Referee